# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-1641V
UNPUBLISHED

| | |
|---|---|
| WILLIAM PLUMMER, JR., | Chief Special Master Corcoran |
| Petitioner, | |
| v. | Filed: October 23, 2023 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*Leigh Finfer, Muller Brazil, LLP, Dresher, PA,* for Petitioner.

*Tyler King, U.S. Department of Justice, Washington, DC,* for Respondent.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW DISMISSING TABLE CLAIM[1]

On November 23, 2020, William Plummer, Jr., filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petition, ECF No. 1. On February 4, 2021, he filed an amended petition containing the correct date of vaccination. Amended Petition, ECF No. 12. Petitioner alleges that he suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccine administered on October 5, 2019. Amended Petition at 1. The case was assigned to the Special Processing Unit ("SPU") of the Office of Special Masters.

---

[1]. Because this unpublished opinion contains a reasoned explanation for the action in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the opinion will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On July 20, 2021, Petitioner was ordered to show cause why this case should not be dismissed, because it appeared that the onset of his symptoms did not meet the Table's requirements. ECF No. 18. In reaction, Petitioner filed his response ("Response") on September 3, 2021. ECF No. 21. Respondent filed his reply ("Reply") on October 4, 2021. ECF No. 22.

For the reasons discussed below, I find Petitioner cannot establish onset within the 48 hours following the administration of vaccination, as required for a Table SIRVA. This leaves a causation-in-fact claim that, if not promptly settled, will require adjudication outside of SPU.

## I.    Relevant Procedural History

As noted, the case was filed in the fall of 2020. ECF No. 1. On April 2, 2021, Respondent filed a status report indicating that, based on his counsel's review of the file, it did not appear that Petitioner was capable of establishing a Table SIRVA injury. ECF No. 13. In particular, Respondent claimed that "[P]etitioner's most contemporaneous medical records potentially fail to demonstrate that the onset of his shoulder pain occurred within forty-eight hours of vaccination." *Id.* at 1. Respondent further argued that although Petitioner submitted written testimony averring receipt of the flu vaccine on October 14, 2019, "the amended petition and [P]etitioner's medical records indicate that [he] was vaccinated on October 5, 2019." *Id.* at 2.

I issued an Order to Show Cause directing Petitioner to file a response to Respondent's status report explaining why his Table claim should not be dismissed (and also how any non-Table claim could be substantiated, given the onset of his symptoms). ECF No. 18. The parties have now briefed the matter as indicated above, and this case is now ripe for a determination.

## II.    Issue

At issue is whether Petitioner's first symptom or manifestation of onset after vaccine administration (specifically pain) occurred within 48 hours as set forth in the Vaccine Injury Table and Qualifications and Aids to Interpretation ("QAI") for a Table SIRVA. 42 C.F.R. § 100.3(c)(10)(ii).

## III.    Authority

Pursuant to Section 13(a)(1)(A), a petitioner must prove, by a preponderance of the evidence, the matters required in the petition by Section 11(c)(1). I have discussed

the factors to be considered in determining whether a petitioner has met their burden in several recent decisions. I fully adopt and hereby incorporate my prior discussion in section III of the following decisions: *Marrow v. Sec'y of Health & Hum. Servs.*, No. 17-1964V, 2020 WL 3639775 (Fed. Cl. Spec. Mstr. June 2, 2020); *Robinson v. Sec'y of Health & Hum. Servs.*, No. 17-1050V, 2020 WL 3729432 (Fed. Cl. Spec. Mstr. June 5, 2020); *Decoursey v. Sec'y of Health & Hum. Servs.*, No.18-870V, 2020 WL 4673228 (Fed. Cl. Spec. Mstr. July 9, 2020).

In sum, a special master must consider, but is not bound by, any diagnosis, conclusion, judgment, test result, report, or summary concerning the nature, causation, and aggravation of the petitioner's injury or illness that is contained in a medical record. Section 13(b)(1). Moreover, a special master may find that the first symptom or manifestation of onset of an injury occurred "within the time period described in the Vaccine Injury Table even though the occurrence of such symptom or manifestation was not recorded or was incorrectly recorded as having occurred outside such period." Section 13(b)(2). "Such a finding may be made only upon demonstration by a preponderance of the evidence that the onset [of the injury] . . . did in fact occur within the time period described in the Vaccine Injury Table." *Id.*

## IV. Findings of Fact

I make the following finding regarding onset after a complete review of the record to include all medical records, affidavits, and briefing by the parties. Specifically:

- Petitioner was administered a flu vaccine in his left arm on October 5, 2019 at Costco Pharmacy. Ex. 1.

- In his affidavit, signed on November 13, 2020, Petitioner erroneously states that that the flu vaccine was administered on October 14, 2019. Ex. 5 at 1. In his amended affidavit, signed on April 15, 2021, Petitioner avers that the vaccine was administered on October 5, 2019, and that he "experienced significant pain" in his left shoulder immediately following vaccination. Ex. 6 at 1.

- In an August 25, 2021 affidavit, Petitioner's wife, Leticia Llamas, avers that she received a flu vaccine with her husband on October 5, 2019. Ex. 7 at 1. Ms. Llamas states that although they both experienced immediate soreness, her own symptoms subsided while "[d]ays and weeks passed and [Petitioner's] pain persisted . . . he told his provider . . . that he still had pain on the third day post-vaccination." Ex. 7 at 1.

- On November 22, 2019 (48 days post-vaccination), Petitioner attended a medical appointment with Dr. Phillip Chan at Optum Primary Care-Glenora "for [l]eft shoulder

pain x5weeks after receiving a flu shot." Ex. 2 at 11-12. The medical note indicates that Petitioner "ha[d] flu vaccination *in middle of October, [three] days later* he has left shoulder pain radiated down form [sic] left shoulder to left elbow." *Id.* at 11 (emphasis added).[3]

- Three months later, Petitioner saw Dr. Leslie K. Shokes at Caduceus Medical Group on February 6, 2020, for left shoulder pain. Ex. 3 at 12-13. Dr. Shokes noted that Petitioner's symptoms "developed spontaneously, and developed approximately [four] months ago." *Id.* at 12. Petitioner was assessed with impingement syndrome of the left shoulder, paresthesia of arm, and limited range of motion. *Id.* at 13. There is no indication in this record that Petitioner's October 5, 2019 flu vaccine was discussed.

- Petitioner returned to Caduceus Medical Group on February 29, 2020, for an MRI of his left shoulder and cervical spine Ex. 3 at 14-19. The left shoulder MRI revealed (a) a focal full-thickness tear of the rotator cuff involving the anterior distal fibers of the supraspinatus tendon; (b) tendonitis of the untorn portions of the supraspinatus tendon; (c) diastasis of the left acromioclavicular joint associated with mild arthrosis of the left acromioclavicular joint; (d) synovitis of the tendon sheath of the long head biceps; and (e) glenohumeral joint effusion. *Id.* at 15.

- Petitioner returned to Dr. Shokes on March 6, 2020 to review his MRIs. Ex. 3 at 20-21. The medical note again reflects that Petitioner's symptoms developed "spontaneously." *Id.* at 20. In addition to being assessed with "paresthesia of arm" and "[l]imited range of motion," it was also determined that Petitioner had a herniated disc and a "[t]raumatic complete tear of left rotator cuff." *Id.* at 21. Petitioner's October 5, 2019 flu vaccine is not discussed in this record.

- On June 15, 2020, Petitioner underwent surgery to repair his left rotator cuff. Ex. 3 at 40.

- Petitioner attended post-operative appointments with Dr. Shokes on June 24 and July 1, 2020. Ex. 3 at 24-27. There is no indication that Petitioner's October 5, 2019 flu vaccine was discussed during either appointment.

---

[3] In a footnote, Respondent argues that "[P]etitioner's description of pain that 'radiated down from the left shoulder to [the] left elbow' is another reason that his Table claim fails. Response at 4, n. 3 (citing 42 C.F.R. § 100.3(c)(10)(iii)). However, this point was not previously raised, and Petitioner was not given an opportunity to address this argument. While this ruling does not turn on this particular matter, I note that Petitioner's description of pain that radiated to his elbow appear to have been incidental to his left shoulder pain, and that his post-vaccination treatment focused on his shoulder.

4

- Petitioner went to his third post-operative appointment on July 22, 2020. Ex. 3 at 35-36. Despite reporting shoulder "tightness," Dr. Shokes noted that he was "otherwise doing well." *Id.* at 35. There is no indication that Petitioner's October 5, 2019 flu vaccine was discussed.

- Petitioner attended an initial physical therapy evaluation on July 24, 2020. Ex. 3 at 37-39. Petitioner reported "experienc[ing] an onset of LEFT SHOULDER PAIN beginning approximately October 2019 with insidious onset." *Id.* at 37. There is no indication that Petitioner's October 5, 2019 flu vaccine was discussed.

- By September 17, 2020, Petitioner had completed a total of eight sessions of physical therapy. Ex. 3 at 37-39, 41-46, 51-59.

There are several reasons to doubt Petitioner can establish onset consistent with the Table's forty-eight hour requirement. The initial medical note documenting Petitioner's first report of shoulder pain to Dr. Chan (48 days after vaccination) reflects that Petitioner "ha[d] flu vaccination in middle of October, [three] days later he has shoulder pain." Ex. 2 at 11. In addition to an incorrect approximation of when the vaccine was administered,[4] this direct statement places onset *outside* of the timeframe specified for a Table SIRVA. Moreover, all subsequent medical records reflect that Petitioner's pain "developed spontaneously," without mention of vaccination at all. *See, e.g.,* Ex. 3 at 12, 20. And although a physical therapy note reflects Petitioner's report of left shoulder pain that began "approximately [in] October 2019," it is noted that the onset of his symptoms was insidious. *See* Ex. 3 at 37.

While Petitioner does not dispute telling Dr. Chan that his shoulder pain began "[three] days" after vaccination, he argues that this statement should be interpreted to mean that "the particular type of pain described *was present* three (3) days post-vaccination." Response at 2 (emphasis in original). However, Petitioner also points to his wife's affidavit (signed almost two years after vaccination) in which she not only corroborates his report of an immediate onset, but also asserts that Petitioner did, in fact, tell his physician that "he still had pain on the third day post-vaccination." In addition to not aligning with Petitioner's recollection of his report to Dr. Chan, it is not clear whether she was present during this examination. There are situations in which compelling testimony may be more persuasive than written records, such as where records are deemed to be incomplete or inaccurate. *Campbell v. Sec'y of Health & Human Servs.*, 69 Fed. Cl. 775, 779 (2006) ("like any norm based upon common sense and experience, this rule should not be treated as an absolute and must yield where the factual predicates for

---

[4] Petitioner also cited an incorrect date of administration in the petition and in his first affidavit. *See* Petition at 1; Ex. 5 at 1 (stating that the flu vaccine was administered on October 14, 2019).

5

its application are weak or lacking"); *Lowrie v. Sec'y of Health & Human Servs.*, No. 03-1585V, 2005 WL 6117475, at *19 (Fed. Cl. Spec. Mstr. Dec. 12, 2005) ("[w]ritten records which are, themselves, inconsistent, should be accorded less deference than those which are internally consistent") (*quoting Murphy v. Sec'y of Health & Human Servs.*, 23 Cl. Ct. 726, 733 (1991), *aff'd per curiam*, 968 F.2d 1226 (Fed. Cir. 1992)). But here, Petitioner's witness statement does not merit more weight than a specific and far closer-in-time record.

Accordingly, I find Petitioner has not preponderantly established that the onset of his pain occurred within 48 hours of vaccination – meaning that he cannot proceed in this action with a Table SIRVA Claim. However, I also note that the other Table indicia of a valid SIRVA do seem to exist. Because a non-Table claim based on the same overall set of records might be viable, the parties are urged to make one final, brief effort at settlement (although the claim will thereafter be transferred out of SPU if it is not resolved in short order).

## V.   Scheduling Order

Petitioner has not preponderantly established that onset of his pain occurred within 48 hours of vaccination. Accordingly, Petitioner's Table SIRVA claim is dismissed. **The parties shall file a settlement status report on or before <u>Wednesday, November 22, 2023</u>**. The matter shall be transferred thereafter if the parties do not report significant progress in reaching an agreement at that time.

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master
